AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2022

UNITED STATES OF AMERICA

v.

FELIX CORDERO, SR.

Case No. 1:17-cr-290

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

   ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

   ☐ Time served.

   If the defendant's sentence is reduced to time served:

      ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Felix Cordero Sr.'s application for compassionate release and its supporting materials, Dkt. No. 666, as well as the materials presented to the Court in connection with his sentencing.  The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  Much of Mr. Cordero's application is devoted to demonstrating that extraordinary and compelling reasons support his early release from imprisonment.  He argues that his pre-existing conditions place him at higher risk of death if he is infected with COVID-19.  Given that Mr. Cordero is fully vaccinated and boosted, the Court questions whether this showing is sufficient to meet Mr. Cordero's burden to show extraordinary and compelling circumstances for his early release.  But the Court need not reach that question because, after evaluating the factors under 18 U.S.C. § 3553(a), the Court does not believe that modification of Mr. Cordero's sentence is appropriate.  See United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court

3

denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." ).

Mr. Cordero's application quotes at length from the sentencing transcript, during which the Court described why it believed that Mr. Cordero's offense was very serious. The Court stated the following: "This is a very serious offense. Mr. Cordero was part of an organization whose members conspired to sell crack cocaine. The conspiracy's leaders used violence to protect their territory. One of the leaders of the conspiracy was Mr. Ramirez, Mr. Cordero's son. Mr. Cordero was involved in the direct hand-to-hand sale of crack. He also often answered the DTO's "work phone" and handled sales to customers. Mr. Cordero was arrested alongside Mr. Alicea, a very young man, who threw a gun from a car in which the two men were fleeing from the police. . . . . Mr. Cordero has accepted responsibility for selling a very significant amount of crack, 280 to 840 grams. Mr. Cordero was involved in a very serious offense, one which harms not only the people who use these narcotics but also one that harms the entire community." Sentencing Transcript, Dkt. No. 542 ("Tr."), at 18:18-19:10. Moreover, as the Court described at sentencing, Mr. Cordero has a substantial criminal history, which spanned six pages of the presentence report. Id. at 21:11-22:9. Those convictions included several federal offenses, including a 216 month term of imprisonment for conspiracy to commit murder, a 41 month term of imprisonment for conspiracy to introduce contraband into prison, and a conviction for escape from federal custody. While the Court accepts that, arguably, there is a greater need for medical care and treatment in light of the COVID-19 pandemic, in evaluating the sentencing factors under 18 U.S.C. § 3553(a), the Court does not believe that early release is appropriate for Mr. Cordero, for substantially the reasons that it articulated at sentencing. Mr. Cordero's crime was very serious: a shorter term of imprisonment

would not be a just punishment. Moreover, the Court continues to believe that a lesser sentence would not serve the goals of general and personal deterrence. As the Court commented at sentencing, "I am extremely concerned about the possibility that Mr. Cordero will be tempted to and choose again to recidivate." Tr. at 22:15-17. "Mr. Cordero's conduct in this offense, taken together with his prior history, leaves me with little trust that age will transform his longstanding conduct. So, I think that the need for personal deterrence here is extremely high." Id. at 23:14-18. The facts presented by the defendant in his application do not alter the Court's evaluation of the 3553(a) factors as a whole. The Court does not believe that a reduction in the defendant's sentence is appropriate at this time.

Counsel asks that the Court make a recommendation to the Bureau of Prisons that Mr. Cordero be permitted to serve his remaining time on home detention. For the reasons described above—particularly, the Court's view regarding the need for personal deterrence in this case—the Court declines to do so.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 666.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

April 15, 2022

                                              GREGORY H. WOODS
                                   UNITED STATES DISTRICT JUDGE