USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                         :

UNITED STATES OF AMERICA,           :

                 -v-                                :          1:17-cr-290-GHW

FELIX CORDERO, SR.,                  :          ORDER

                        Defendant.  :

-------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      On April 15, 2019, the defendant was sentenced principally to a term of imprisonment of 120 months following his plea of guilty to charges related to his participation in a conspiracy to distribute cocaine base. At the time of his sentencing, the defendant's sentencing guidelines range was 120 to 150 months' imprisonment, based on an offense level of 27 and a criminal history category of V. The Bureau of Prisons currently projects that the defendant will be released from prison on January 11, 2025.

      On April 30, 2024, the defendant filed a pro se motion to reduce his sentence as a result of Amendment 821 to the United States Sentencing Guidelines Manual. Dkt. No. 687. In a May 21, 2024 order, the Court noted that the Probation Department had determined that the defendant appeared to be eligible for an adjustment of his sentencing guidelines range based on Amendment 821 to the Sentencing Guidelines. In that order, the Court noted that the Federal Defenders Office had been appointed to represent the defendant in this matter, and directed that the United States and the defendant file submissions regarding whether a reduction in the defendant's sentence was appropriate.

      On May 29, 2024, the Government filed its response to the Court's May 21, 2024 order.

Dkt. No. 692 (the "Opposition"). Because the Federal Defenders Office was unable to represent Mr. Cordero, the Court appointed Carrie H. Cohen to represent him in connection with this motion. Dkt. No. 696. Ms. Cohen filed a submission in support of Mr. Cordero's application on August 30, 2024. Dkt. No. 699 (the "Reply").

In its Opposition, the Government does not dispute the conclusion that the defendant is eligible for a sentence reduction under Amendment 821, and that his Guidelines range would now be 100 to 125 months imprisonment, based on an offense level of 27 and a criminal history category of IV. The Government argues, however, that a change in the defendant's sentence is not appropriate at this time for a number of reasons. The Government points to the serious nature of the defendant's crime. As the Government notes, the defendant was involved in the distribution of a large quantity of narcotics, and fled from the police in a car: during the course of that flight, the defendant's co-conspirator tossed drugs and a gun out of the car. The Government also points to the defendant's substantial criminal history, which includes a lengthy prior sentence for conspiracy to commit murder.

In his Reply, the defendant argues that an evaluation of the 3553(a) factors warrants a reduction in his sentence. In particular, Mr. Cordero points to his age and his participation in programming and work details while in prison as reasons for the Court to conclude that a lesser sentence is warranted.

The Court finds that the defendant is eligible for a sentence reduction and adopts the calculations of the defendant's Guidelines range giving effect to Amendment 821 as described above.

Having considered the record in this case and the parties' arguments, it is ORDERED that the defendant's motion for a reduction of sentence is denied for the following reasons. At sentencing, the Court adhered to the parsimony clause of 18 U.S.C. § 3553(a) and imposed the

lowest sentence that it believed to be appropriate based on its review of all of the sentencing factors. The Court considered the guidelines range, but the guidelines range by itself did not drive the Court's sentence. Many other factors drove the Court's sentencing decision, including the need to impose a just punishment given the serious nature of the offense. The need to ensure personal deterrence was and remains a substantial factor, given the serious nature of the crime, and the defendant's criminal history. That criminal history was substantial. Mr. Cordero has been convicted of multiple felonies and has returned over and again to the commission of crime. He committed this offense while on supervised release from a prior offense. The Court remains concerned regarding the need for personal deterrence. That concern is exacerbated by the defendant's history of disciplinary sanctions while incarcerated, which includes sanctions both for possession of a dangerous weapon and possession of a hazardous tool.

    The Court was aware of the defendant's age at the time of sentencing and considered the impact of his age on the likelihood that he would recidivate at the time of sentencing—that time has passed since the date of sentencing does not change the Court's assessment of that factor. The defendant's participation in educational programming and work programs while in prison is laudable, but is not so substantial as to weigh in favor of a reduction in his sentence, particularly given his disciplinary history while incarcerated.

    In sum, notwithstanding the modification to the guidelines range applicable to the defendant as a result of Amendment 821, after reviewing the factors under 18 U.S.C. § 3553(a), the Court does not believe that a reduction in his sentence is appropriate.

    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 687 and to mail a copy of this order to Mr. Cordero.

SO ORDERED.

Dated: September 18, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge